UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBRA SEQUENZIA ) <br>     Plaintiff ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> ACADEMY COLLECTION SERVICE, INC., ) <br>     Defendant ) <br> ) | CIVIL ACTION <br><br> COMPLAINT <br><br> JURY TRIAL <br> DEMANDED <br><br> JULY 24, 2009 |

## COMPLAINT

## I. INTRODUCTION

1. This is a suit brought by a consumer against a collection agency for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and for violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*

## II. PARTIES

2. The plaintiff, Debra Sequenzia, is a natural person residing in East Hartford, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3. The defendant, Academy Collection Service, Inc. ("Academy"), is a Pennsylvania corporation with a principal place of business in that state, and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

### III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331.

5. This Court has jurisdiction over Academy because it engages in debt collection within Connecticut.

6. Venue in this Court is proper, as the Plaintiff is a resident and the acts complained of occurred in this state.

### IV. FACTUAL ALLEGATION

7. A representative of Academy, in attempting to collect a debt from the Plaintiff, contacted Plaintiff's place of work, a school, and left repeated messages with the secretary, Lisa Alexander.

8. The representative would speak to Alexander in a hostile and nasty tone.

9. The frequency and tone of the messages prompted Alexander to question Plaintiff regarding the subject of the calls.

10. Academy called with such frequency, and left so many messages, that Alexander eventually advised that she was unable to take more messages because school policy did not permit personal messages for school employees.

11. The representative told Alexander that he was not calling on a personal matter but was a business matter.

12. The representative, upon further questioning by Alexander, refused to explain how the call pertained to the business of the school.

13. After Alexander persisted in advising that she would no longer be able take messages for Plaintiff, the collector asked to speak with Alexander's supervisor.

14. Alexander's supervisor confirmed that personal phone calls were not permitted and that Alexander could not take any more messages.

15. The representative then angrily advised that he was going to call the school superintendent to discuss the matter further.

## V. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.***

16. Paragraphs 1-15 are herein incorporated.

17. Academy's conduct violated the FDCPA.

### SECOND CAUSE OF ACTION
**Violations of Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq***

18. Paragraphs 1-17 are incorporated.

19. Academy's contact violated CUTPA.

WHEREFORE, the Plaintiff seeks recovery of monetary damages pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and actual damages, punitive damages, and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

PLAINTIFF, DEBRA SEQUENZIA

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408  Fax. (860) 571-7457

3